UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

ROBERT H. VENO,

    Plaintiff,

v.

AT&T CORPORATION,

    Defendant.

Civil Action No. 02-10383 NG

**Complaint**

**Introduction**

1. The defendant, AT&T Corporation ("AT&T") has illegally obtained the plaintiff Robert Veno's credit report five times since 1996. When AT&T first accessed his credit report, Mr. Veno informed it that it had no right to do so, and informed AT&T not to pull his credit report again. The second time AT&T pulled his report, Mr. Veno wrote to AT&T, on his own and through counsel, to formally serve notice of its violation of his right to financial privacy. The third time AT&T pulled his report, Mr. Veno again wrote through counsel, reiterating his concerns and demanding that it not continue to illegally access his report. Despite this notice, AT&T persisted in accessing his credit report, obtaining it twice more, most recently in August, 2000. When Mr. Veno discovered this most recent violation of his privacy, he wrote to AT&T pursuant to G.L. c. 93A and sought to settle the matter without litigation. AT&T refused to offer Mr. Veno anything in settlement for its serial violations of his right to financial privacy.

2. AT&T 's conduct violates the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA"); G.L. c. 93 § 50 et seq. (the state credit reporting law, or "MCRA"); G.L. c. 214 § 1B (the state privacy protection law); and G.L. c. 93A. Mr. Veno seeks monetary, declaratory and injunctive relief.

## Jurisdiction and Venue

3. Subject matter jurisdiction is premised upon 15 U.S.C. § 1681p. Supplementary jurisdiction rests upon 28 U.S.C. § 1367.

4. Plaintiff's action for declaratory relief is authorized by 28 U.S.C. §§ 2201 and 2202.

5. Venue is proper in this district under 28 U.S.C. § 1391(b) and in that the defendant AT&T transacts business here and in that the conduct complained of occurred here.

## Parties

6. Plaintiff Robert H. Veno is an individual who resides in Falmouth, Massachusetts.

7. Defendant AT&T Corporation ("AT&T") is a corporation with a principal place of business located at 32 Avenue of the Americas, New York, New York. AT&T is a telecommunications company which provides telephone and other services to consumers and businesses.

## Facts

*The First Impermissible Access*

8. On June 2, 1996, AT&T accessed Mr. Veno's consumer report (hereinafter "credit report" or "consumer report") via Equifax, Inc., the national credit reporting agency.

9. The stated purpose of this credit report access was for an account review.

10. Mr. Veno has never had an account with AT&T.

11. Upon noticing the inquiry Mr. Veno spoke to numerous AT&T customer service representatives in order obtain an explanation for the inquiry.

12. Although Mr. Veno informed each such representative that he did not have an account with AT&T, and put each on notice that AT&T had no right to obtain his consumer report, none of the customer service representatives could provide an explanation for the inquiry.

13. Mr. Veno was eventually referred to a Russell Gannner, of AT&T's "Chairman's Executive Staff."

14. Mr. Ganner said that AT&T had no record that it had made the June 2, 1996 account review inquiry.

15. AT&T did not have a permissible purpose for making this June 2, 1996 inquiry.

*The Second Impermissible Access*

16. On February 10, 1998, AT&T accessed Mr. Veno's consumer report again, this time through Experian Information Solutions, Inc. ("Experian").

17. Mr. Veno again called AT&T to protest and obtain an explanation and/or an apology. AT&T provided neither. Instead, AT&T wrote to Mr. Veno on November 12,

3

1998 and asserted that it had complied with the Fair Credit Reporting Act "regarding the AT&T inquiry made on your credit bureau report."

18. Mr. Veno responded by letter of November 27, 1998, again notifying AT&T that it was violating his rights by obtaining his credit report and requesting a specific written response and acknowledgment that AT&T would cease this practice. AT&T did not respond to Mr. Veno's November 27, 1998 letter.

19. Pursuant to M.G.L. c. 93A, Elizabeth Miller, counsel for Mr. Veno, wrote to AT&T on June 14, 1999 concerning its February 10,1998 and June 2, 1996 accesses of Mr. Veno's report.

20. On September 2, 1999, AT&T responded, and explained that in both cases AT&T intended to access the report of Mr. Veno's father, but because AT&T did not have the senior Mr. Veno's social security number, Equifax (June, 1996), and then Experian (February, 1998), provided the junior Mr. Veno's report in response to the AT&T inquiries.

*The Third Impermissible Access*

21. In or about November, 1999, Mr. Veno learned that AT&T had accessed his credit report a third time (in February, 1999), via Trans Union, LLC, another national credit reporting agency.

22. On November 12, 1999, Ms. Miller wrote AT&T a follow-up letter concerning this third illegal access of Mr. Veno's report, but received no response.

*The Fourth Impermissible Access*

23. On August 5, 1999, Mr. Veno's report was accessed by an undisclosed entity under the stated purpose of "base score project". This access was made via Equifax.

24. On information and belief, it was AT&T which committed this illegal access of Mr. Veno's report. Mr. Veno only learned of this access after Ms. Miller sent the November 12, 1999 letter.

*The Fifth Impermissible Access*:

25. In September, 2000, again via Equifax, AT&T obtained Mr. Veno's credit report for the fifth time, also under the designation "base score project".

26. Mr. Veno never authorized AT&T to obtain his consumer report.

27. AT&T did not have a permissible purpose for obtaining Mr. Veno's consumer report at any time.

*AT&T's Refusal To Offer Settlement Pursuant to G.L. c. 93A*

28. On June 20, 2001, Mr. Veno, by counsel, sent AT&T a demand for relief pursuant to G.L. c. 93A, recounting the circumstances described herein, and offering to settle the matter without litigation.

29. AT&T responded by claiming that its investigation of Mr. Veno's claims produced no indication that it had made any of the inquiries detailed above.

30. Mr. Veno's counsel wrote AT&T followup letters in August and September, 2001, and enclosed redacted copies of the actual credit reports disclosing the last three inquiries made—TransUnion (November, 1999) and Equifax (August, 1999 and September, 2000).

Copies of these redacted reports are attached as Exhibits A-C, respectively. As set out in paragraph 20, above, AT&T had previously admitted that it obtained Mr. Veno's credit report in 1996 and 1998.

31. Despite Mr. Veno's provision of this objective proof of the serial, illegal inquiries by AT&T, documented by the reports issued by the credit reporting agencies themselves, on October 30, 2001, AT&T formally responded to Mr. Veno's c. 93A letter by refusing to offer any amount in settlement.

32. AT&T's refusal to offer settlement was in bad faith, or with reason to know that its conduct violated c. 93A.

### Count I: Violation of the FCRA –Obtaining A Consumer Report By Use Of False Pretenses

33. Mr. Veno incorporates the preceding paragraphs.

34. AT&T knowingly and willfully used deception and false pretenses to obtain Mr. Veno's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose.

35. AT&T's conduct in obtaining Mr. Veno's credit report under false pretenses violates 15 U.S.C. §1681q.

WHEREFORE, the plaintiff, Mr. Veno, requests that this Court enter judgment in his favor and against defendant AT&T as follows:

> a. pursuant to 15 U.S.C. § 1681n(a)(1)(B), award him actual damages, or $1,000 for each access of his credit report obtained by false pretenses, whichever is greater;

    b. pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

    c. pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney's fees; and

    d. grant such other and further relief as the court deems just and proper.

### Count II: Violation of the FCRA – Knowingly Obtaining A Consumer Report Without A Permissible Purpose

36. Mr. Veno incorporates the preceding paragraphs.

37. AT&T acted knowingly in requesting and obtaining Mr. Veno's credit report without a permissible purpose.

38. AT&T's conduct in knowingly obtaining Mr. Veno's credit report without a permissible purpose therefor violated 15 U.S.C. §1681b(f).

WHEREFORE, the plaintiff, Mr. Veno, requests that this Court enter judgment in his favor and against defendant AT&T as follows:

    a. pursuant to 15 U.S.C. § 1681n(a)(1)(A), award him actual damages, or not less than $100 and not more than $1,000 for each impermissible access of his credit report, whichever is greater;

    b. pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

    c. pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney's fees; and

    d. grant such other and further relief as the court deems just and proper.

### Count III: Violation of the FCRA – Willfully Obtaining A Consumer Report Without A Permissible Purpose

39. Mr. Veno incorporates the preceding paragraphs.

40. AT&T acted willfully in requesting and obtaining Mr. Veno's credit report without a permissible purpose.

41. AT&T's conduct in willfully obtaining Mr. Veno's credit report without a permissible purpose violated 15 U.S.C. §1681b(f).

WHEREFORE, the plaintiff, Mr. Veno, requests that this Court enter judgment in his favor and against defendant AT&T as follows:

    a. pursuant to 15 U.S.C. § 1681n(a)(1)(A), award him actual damages, or not less than $100 and not more than $1,000 for each impermissible access of his credit report, whichever is greater;

    b. pursuant to 15 U.S.C. § 1681n(a)(2), award such punitive damages as the Court deems appropriate;

    c. pursuant to 15 U.S.C. § 1681n(a)(3), award costs of the action and reasonable attorney's fees; and

    d. grant such other and further relief as the court deems just and proper.

### Count IV: Violations of MCRA and Chapter 214B, § 1B – Invasion of Financial Privacy

42. Mr. Veno incorporates the preceding paragraphs.

43. AT&T violated G.L. c. 214 § 1B by obtaining Mr. Veno's consumer report without a permissible purpose therefor, in violation of the FCRA and MCRA.

WHEREFORE, the plaintiff, Mr. Veno, requests that this Court enter judgment in his favor and against defendant AT&T as follows:

   a. award him actual damages;

   b. declare and order that AT&T's conduct in obtaining his credit report without a permissible purpose is a violation of the FCRA, MCRA, and G.L. c. 214 § 1B;

   c. order preliminary and permanent injunctive relief enjoining and restraining AT&T from keeping or publishing the illegally obtained credit report(s), or requesting new reports; directing AT&T to return to Mr. Veno all copies or abstracts of his consumer report or any information contained therein; and enjoining AT&T from ongoing violations of the FCRA; and

   d. grant such other and further relief as the court deems just and proper.

### Count V: Violation of Chapter 93A

44. Mr. Veno incorporates the preceding paragraphs.

45. By the conduct described herein, AT&T has violated Chapter 93A, § 2, and 940 C.M.R. 3.16(3), (4).

WHEREFORE, the plaintiff, Mr. Veno, requests that this Court enter judgment in his favor and against defendant AT&T as follows:

   a. award him statutory and actual damages, trebled;

   b. declare and order that AT&T's conduct in obtaining his consumer report without a permissible purpose is a violation of the FCRA, MCRA, G.L. c. 214 § 1B, and G.L. c. 93A;

    c. order preliminary and permanent injunctive relief enjoining and restraining AT&T from keeping or publishing the illegally obtained consumer report(s), or requesting new reports; directing AT&T to return to Mr. Veno all copies or abstracts of his consumer report or any information contained therein; and enjoining AT&T from ongoing violations of the FCRA; and

    d. award him reasonable attorney's fees, litigation expenses and costs; and

    e. grant such other and further relief as the court deems just and proper.

                              Respectfully submitted
                              Robert H. Veno

                              By his attorneys

                              _____
                              John Roddy, BBO #424240
                              Grant & Roddy
                              44 School Street
                              Boston, MA 02108
                              (617) 248-8700 ext. 26
                              (617) 248-0720 Fax

## JURY DEMAND

Plaintiff demands a trial by jury.

_____
John Roddy

Date: March 6, 2002